STATE OF HAWAII, Plaintiff-Appellee, *v.* MARTIN GILBERT, Defendant-Appellant

NO. 10355

(CRIMINAL NO. 84-5645)

OCTOBER 30, 1985

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, AND WAKATSUKI, JJ.

*Per Curiam.* This is an appeal from a conviction of the unauthorized practice of law pursuant to Hawaii Revised Statutes (HRS) § 605-14.[1] The charge arose from a February 29, 1984 letter to Honolulu attorney Jay Fidell in which Appellant Martin Gilbert claimed to "represent" a "client," Pamela Harrison. Appellant Gilbert signed the letter as "attorney for Ms. Harrison." Although he was a licensed California attorney who represented Ms. Harrison on legal matters in California, Appellant

---

[1]HRS § 605-14 *states:*

Unauthorized practice of law prohibited. It shall be unlawful for any person, firm, association, or corporation to engage in or attempt to engage in or to offer to engage in the practice of law, or to do or attempt to do or offer to do any act constituting the practice of law, except and to the extent that the person, firm, or association is licensed or authorized so to do by an appropriate court, agency, or office or by a statute of the State or of the United States; provided that nothing herein shall be deemed to authorize the licensing of a corporation to practice law except as provided in part VIII of chapter 416. Nothing in sections 605-14 to 605-17 contained shall be construed to prohibit the preparation or use by any party to a transaction of any legal or business form or document used in the transaction.

Gilbert was not licensed to practice law in Hawaii.[2] He was being charged for the first time under HRS § 605-14.

Appellant Gilbert raises several issues on appeal. We find it unnecessary to reach the merits of all these claims and hold instead that the circuit court had exclusive jurisdiction to hear the proceeding below. Because the Deputy Attorney General improperly brought this action in the Honolulu District Court, rather than in the appropriate circuit court, we reverse and dismiss with prejudice.

HRS § 605-15 states that, "[a]ctions for violations of section 605-14 shall be brought in the circuit court for the judicial circuit in which the violation is alleged to have been committed." The district court concluded that HRS § 605-15 applied only to the venue for civil actions brought for violations of HRS § 605-14 and did not "affect the jurisdiction of this court to entertain a criminal prosecution for a violation or misdemeanor."

We think the trial court erred in treating this matter as a criminal prosecution. HRS § 605-17[3] sets forth the penalties for the unauthorized practice of law. This section makes it clear that a first-time violator of HRS § 605-14 is guilty only of a violation. A violation is not a crime under our statutory scheme.

HRS § 701-107(5) states in pertinent part:

A violation does not constitute a crime, and conviction of a violation shall not give rise to any civil disability based on conviction of a criminal offense.

Appellant Gilbert was a first offender and properly should have been charged only with a violation. Since a violation is not a crime, we find that the district court had no jurisdiction to entertain the matter.

Reversed and dismissed with prejudice.

*Gary Kobayashi* (*William A. Harrison* on the Opening Brief and with him on the Reply Brief), for Defendant-Appellant.

*Thomas D. Farrell,* Deputy Attorney General, for Plaintiff-Appellee.

---

[2]Appellant had placed his California license on "inactive" status before coming to Hawaii.

[3]HRS § 605-17 states:

Penalties. *Any person violating sections 605-14 to 605-16 shall be guilty of a violation, but, upon any subsequent violation of the sections, the person shall be guilty of a misdemeanor.*